# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| RAJ HOUSTON,<br>    Petitioner, | Case No. 1:15-cv-722 |
| vs. | Dlott, J.<br>Wehrman, M.J. |
| WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion filed February 1, 2016 requesting that the petition be dismissed on exhaustion grounds. (Doc. 7).[1] Petitioner has responded to the motion to dismiss by filing both an opposition memorandum and a motion requesting that the case be stayed and held in abeyance "pending exhaustion in the state courts." (Docs. 10, 11).

## I.  PROCEDURAL BACKGROUND

### A.  State Proceedings

### Trial Proceeding

In August 2012, the Hamilton County, Ohio, grand jury returned an indictment against petitioner and a co-defendant, Darlan Lawrence, stemming from the armed invasion on July 11,

---

[1] Respondent has also separately filed 20 exhibits obtained from the underlying state-court record as support for the motion to dismiss. (*See* Doc. 6).

2012 of an elderly couple's residence in Amberley Village. (*See* Doc. 6, Ex. 1 & Ex. 9, pp. 2-4, at PAGEID#: 158-60). Specifically, petitioner was charged with two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(2) with firearm specifications (Counts 1-2); two counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) with firearm specifications (Counts 3-4); two counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2) with firearm specifications (Counts 5-6); two counts of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A) with firearm specifications (Counts 7-8); two counts of theft of a motor vehicle in violation of Ohio Rev. Code § 2913.02(A)(4) with firearm specification (Counts 10-11); and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(2) (Count 13). (*See id.*, Ex. 1).

The matter proceeded to trial before a jury, which found petitioner guilty as charged. (*Id.*, Ex. 2). On July 15, 2013, the trial court issued a judgment entry sentencing petitioner to an aggregate term of imprisonment of sixty-five and a half (65 & 1/2) years based on the imposition of the following consecutive prison terms: eleven years for the kidnapping, aggravated robbery and aggravated burglary offenses charged in Counts 1, 2, 3, 4, and 7;[2] eighteen months for the theft offense charged in Count 10; thirty-six months for the weapons offense charged in Count 13; and three years on a firearm specification attached to Count 4 and a firearm specification attached to Count 7.[3] (*Id.*, Ex. 3).

---

[2] It is noted that the original sentencing entry failed to mention that the sentence imposed on Count 7 was to be served consecutively, although it was included in the accurate calculation of the aggregate prison sentence. (*See* Doc. 6, Ex. 3). The Ohio Court of Appeals remanded the matter to the trial court "for the limited purpose of correcting the judgment entry" after the State pointed out the clerical error during the direct appeal proceedings. (*See id.*, Ex. 9, pp. 16-17, at PAGEID#: 172-73).

[3] As respondent has pointed out in the motion to dismiss (*see* Doc. 7, p. 4, at PAGEID#: 247), the trial

2

**Appeal Proceedings**

With the assistance of new counsel for appeal purposes, petitioner filed a timely notice of appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 6, Ex. 4). Counsel filed a brief on petitioner's behalf raising the following assignments of error:

1. The trial court erred in imposing on Mr. Houston consecutive maximum sentences.

2. The trial court committed plain error by imposing multiple sentences on allied offenses.

3. Appellant was deprived of his right to the effective assistance of counsel at trial.

(*Id.*, Ex. 5). On July 16, 2014, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 9).[4]

Petitioner's appellate counsel next filed a timely notice of appeal to the Ohio Supreme Court. (*Id.*, Ex. 10). In the memorandum in support of jurisdiction filed by counsel on petitioner's behalf, petitioner asserted the following propositions of law:

1. Under R.C. 2941.25, the defendant's conduct must be considered in evaluating whether offenses are allied offenses of similar import.

2. A claim of ineffective assistance of counsel is based upon a showing that counsel's performance fell below an objective standard of reasonableness and, in addition, that the deficient performance was prejudicial.

(*See id.*, Ex. 11). On December 24, 2014, the Ohio Supreme Court declined to accept

---

court merged petitioner's convictions for the robbery, aggravated burglary and theft offenses charged in Counts 5, 6, 8 and 11, as well as all firearm specifications except for the 3-year specification attached to Count 4 and the 3-year specification attached to Count 7. (*See* Doc. 6, Ex. 3).

[4] As noted earlier, *see supra* p. 2 n.2, the Ohio Court of Appeals only remanded the matter to the trial court to correct a clerical error in the sentencing entry that had been brought to the court's attention by the State. (*See* Doc. 6, Ex. 9, pp. 16-17, at PAGEID#: 172-73).

3

jurisdiction of the appeal. (*Id.*, Ex. 13).

### B. Federal Habeas Corpus Petition

On November 10, 2015, petitioner filed the instant federal habeas corpus petition. (*See* Doc. 1). In the petition, petitioner alleges the following claim as the sole ground for relief:

**INEFFECTIVE ASSISTANCE OF COUNSEL TRIAL AND APPEAL**

**Supporting Facts:** Counsel allowed without objection for Petitioner to receive maximum sentence, and also allowed for double jeopardy to transpire when he did not attempt to present the allied offenses issue. Neither trial counsel, nor appellate counsel informed Petitioner that there were timelines for post-conviction, and neither allowed him to review transcripts or discovery despite Rule 1.16 of the Code of Professional Responsibility.

(*Id.*, at PAGEID#: 5).

Respondent has responded to the petition by filing a motion requesting that the petition be dismissed, or alternatively that petitioner be ordered "to delete his ineffective assistance of appellate counsel claim," on the ground that petitioner "has failed to exhaust his state court remedies." (*See* Doc. 7). Petitioner opposes respondent's motion, and has filed a motion to stay the case while he exhausts his "intended grounds for relief" in the state courts. (*See* Docs. 10, 11).

## II. OPINION

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly

present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275

6

(2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, as respondent has pointed out in the motion to dismiss (*see* Doc. 7, p. 9, at PAGEID#: 252), petitioner has filed a "mixed" petition containing both exhausted and unexhausted claims. Although petitioner raised certain claims asserted herein to the state courts on direct appeal, he never presented his ineffective-assistance-of-appellate-counsel claim to the state courts for consideration. Furthermore, as respondent has also pointed out (*see id.*, pp. 9-11, at PAGEID#: 252-54), it appears that the case presents an exhaustion issue because the remedy of a delayed application under Ohio R. App. P. 26(B) for reopening of the appeal in the Ohio Court of Appeals arguably remains available for petitioner to pursue relief in the state courts on the unexhausted claim.

Respondent contends in the motion to dismiss that the case should be dismissed rather

than stayed because petitioner has neither demonstrated "good cause" for his failure to exhaust his ineffective-assistance-of-appellate-counsel counsel claim in the state courts nor shown that the claim is potentially meritorious as required by *Rhines*, 544 U.S. at 277-78. (*See* Doc. 7, pp. 11-12, at PAGEID#: 254-55). Respondent's argument has merit.

Petitioner has alleged in the petition that his appellate counsel was ineffective for not allowing him the opportunity to review discovery materials or the trial transcript and for failing to inform him of the time requirements for filing a timely petition for state post-conviction relief. (*See* Doc. 1, at PAGEID#: 5).[5] Petitioner's conclusory allegations are insufficient to suggest his ineffective-assistance-of-appellate-counsel claim is potentially meritorious. There is no evidence in the record, nor has petitioner alleged any facts in the petition or his pleadings in response to the motion to dismiss, even remotely suggesting that counsel's alleged errors amounted to ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 687-89, 694-95 (1984). Under *Strickland*'s two-prong standard for evaluating ineffective-assistance-of-counsel claims, petitioner must show that his counsel's challenged conduct both (1) fell outside the wide range of reasonable professional assistance and (2) prejudiced the defense. *See Strickland*, 466 U.S. at 687-89, 94-95. As respondent has argued (*see* Doc. 7, pp. 11-12, at PAGEID#: 254-55), no evidence has been presented that would indicate petitioner's lack of access to discovery materials or the trial transcript prejudiced his appeal. *See Strickland,* 466 U.S. at 694-95 (to satisfy the "prejudice" prong of the ineffective-assistance test, the petitioner must show that the result of the

---

[5] Petitioner has also asserted the same allegations against his trial counsel. However, it appears that the allegations pertain to conduct that allegedly occurred after petitioner had obtained new counsel for post-conviction appeal purposes. Therefore, the undersigned is unable to discern on the basis of the present record how trial counsel had any involvement in those alleged errors.

9

appeal would "reasonably likely have been different absent [the alleged] error[]"). Moreover, in the absence of any evidence in the record of a potential claim based on evidence outside the record, which arguably "would have necessitated pursuing the post-conviction avenue" of relief in the state courts (*see* Doc. 7, p. 12, at PAGEID#: 255), petitioner has not shown that he was prejudiced by any failure of counsel to inform him of the time requirements for filing a state post-conviction petition.

In any event, the present record does not support a finding of "good cause" for petitioner's failure to exhaust the available remedy of a delayed reopening application pursuant to Ohio R. App. P. 26(B). Although petitioner's allegations of ineffectiveness are based on facts that were discoverable in the exercise of due diligence at the time of his direct appeal, which concluded with the issuance of the appellate court's decision on July 16, 2014, petitioner has yet to file a Rule 26(B) application with the Ohio Court of Appeals in order to challenge his appellate counsel's representation. Petitioner has suggested in his memorandum in opposition to the motion to dismiss that he is unable to file a reopening application without first obtaining access to the trial transcript "and other relevant documents." (*See* Doc. 10, p. 2, at PAGEID#: 261). However, he has not adequately explained why a reopening application could not be prepared without the trial transcript. Indeed, it is well-settled in Ohio that as a general rule, "[t]he lack of access to the transcripts is not good cause for a delay in filing of an application to reopen." *Smith v. Warden, Lebanon Corr. Inst.*, No. 3:06cv326, 2007 WL 2080468, at *4 (S.D. Ohio May 4, 2007) (Report & Recommendation) (citing *State v. Houston*, 652 N.E.2d 1018 (Ohio 1995) (per curiam), and *State v. Sweeney*, 723 N.E.2d 655, 656-57 (Ohio Ct. App. 1999) (per curiam) (wherein the Ohio court stated that applicants for reopening of the appeal "are not

precluded from filing simply because they do not have a complete transcript")), *adopted*, 2007 WL 2080463 (S.D. Ohio July 19, 2007); *see also Grant v. Hudson,* No. 1:08cv815, 2010 WL 5186432, at *5 n.5 (N.D. Ohio Nov. 23, 2010) (Report & Recommendation) (and Ohio cases cited therein), *adopted*, 2010 WL 5186411 (N.D. Ohio Dec. 15, 2010); *Womack v. Konteh,* No. 3:06cv157, 2008 WL 123867, at *2, *5 (N.D. Ohio Jan. 10, 2008) (and Ohio cases quoted and cited therein). *Cf. Dominguez v. Carter*, No. C-1-00-938, 2006 WL 2345125, at *7 (S.D. Ohio Aug. 10, 2006) (Weber, J.).

Accordingly, in sum, after weighing the *Rhines* factors, the undersigned concludes that a stay is not warranted in this case and, therefore, **RECOMMENDS** that petitioner's motion for stay (Doc. 11) be **DENIED**.

However, although a stay is not warranted and the "mixed" petition is subject to dismissal without prejudice as respondent has requested in the motion to dismiss (Doc. 7), this Court has serious concerns that, at this time, an unconditional granting of respondent's motion may result in a statute-of-limitations bar to review of any subsequent petition filed by petitioner after he exhausts the arguably available remedy of a delayed reopening application pursuant to Ohio R. App. P. 26(B). The Court is especially concerned given that it is highly likely that petitioner's pursuit of relief in the state courts on his ineffective-assistance-of-appellate-counsel claim will prove futile at this late juncture. In such circumstances, where the dismissal of the entire petition might unreasonably impair the petitioner's right to obtain federal review of any of his other claims for habeas relief, the Court must allow petitioner the opportunity to inform the Court whether he wishes to withdraw the unexhausted claim and proceed to judgment on the

remaining claims alleged in the petition that pose no exhaustion concerns.  *See Rhines,* 544 U.S. at 278.[6]

Therefore, the undersigned **FURTHER RECOMMENDS** that respondent's motion to dismiss (Doc. 7) be **GRANTED** only if the petitioner fails to inform the Court in writing **within thirty (30) days** of the date of filing of this Report and Recommendation that he elects to withdraw the unexhausted ineffective-assistance-of-appellate-counsel claim and proceed to judgment on the remaining grounds for relief alleged in the petition.  If, on the other hand, petitioner informs the Court as ordered herein that he elects to withdraw the unexhausted ineffective-assistance-of-appellate-counsel claim, respondent's motion to dismiss (Doc. 7) should be **DENIED** and petitioner allowed to proceed on the remaining claims alleged in his petition that are not subject to dismissal on exhaustion grounds.  *Cf. Ivey v. Warden, Hocking Corr. Facility,* No. 1:13cv914, 2015 WL 457401, at *1, *9-10 (S.D. Ohio Feb. 3, 2015) (Black, J.; Litkovitz, M.J.) (adopting the Magistrate Judge's Report and Recommendation to deny the respondent's motion to dismiss subject to reconsideration if the petitioner failed to withdraw his unexhausted claims within 30 days); *Jackson v. Warden, Chillicothe Corr. Inst.,* No. 1:14cv128, 2014 WL 3845927, at *3 (S.D. Ohio Aug. 5, 2014) (Spiegel, J.; Wehrman, M.J.) (adopting the Magistrate Judge's Report and Recommendation to deny the petitioner's motion to stay and to deny the respondent's motion to dismiss subject to renewal if the petitioner failed to inform the Court in writing by a certain date of his intention to withdraw his unexhausted claims); *Smith v. Warden, Warren Corr. Inst.,* No. 1:07cv93, 2007 WL 2874885 (S.D. Ohio Sept. 27, 2007)

---

[6] Petitioner is cautioned, however, that if he elects to withdraw the unexhausted claim and proceed to judgment on his other claims alleged herein, he risks forfeiting consideration of the withdrawn claim if he should later raise it in a successive federal habeas petition.  *See* 28 U.S.C. § 2244(b).

(Barrett, J.; Hogan, M.J.) (adopting the Magistrate Judge's Report and Recommendation to deny the petitioner's motion to stay and to deny the respondent's motion to dismiss to allow the petitioner the opportunity to withdraw his unexhausted claims as an alternative to dismissing the entire petition); *see also Dykens v. Miller,* 379 F.Supp.2d 71, 74 (D. Mass. 2005).  Petitioner is hereby warned that if he fails to inform the Court in writing within the requisite 30-day period that he elects to withdraw the unexhausted ineffective-assistance-of-appellate-counsel claim and proceed to judgment on the remaining grounds for relief alleged in the petition, the instant petition will be subject to dismissal without prejudice as a "mixed" petition and any subsequent habeas petition may be barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion to stay and hold the instant case in abeyance (Doc. 11) be **DENIED.**

2. Respondent's motion to dismiss the "mixed" petition without prejudice on exhaustion grounds (Doc. 7) be **GRANTED** only if petitioner fails to inform the Court in writing **within thirty (30) days** of the date of filing of this Report and Recommendation that he elects to withdraw his unexhausted ineffective-assistance-of-appellate-counsel claim and proceed to judgment on the remaining claims alleged in the petition.  If, on the other hand, petitioner informs the Court in writing **within thirty (30) days** of the date of filing of this Report and Recommendation that he elects to withdraw his unexhausted ineffective-assistance-of-appellate-counsel claim, respondent's motion to dismiss (Doc. 7) should be **DENIED** and petitioner allowed to proceed on the remaining claims alleged in the petition that are not subject to dismissal on exhaustion grounds.

Date: July 1, 2016

s/ J. Gregory Wehrman

J. Gregory Wehrman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RAJ HOUSTON,
    Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-722

Dlott, J.
Wehrman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc